## Shane Estate (No. 2)

*M. Paul Smith,* of *Smith, Aker, Grossman, Hollinger*

& *Jenkins*, for Continental Bank, trustee, in its individual capacity only.

*Richard B. Malis*, for objectors.

*Charles P. Zerbe*, trustee ad litem.

TAXIS, P. J., July 13, 1973.—The first and partial account of Continental Bank (formerly Broad Street Trust Company), trustee, was examined and audited by the court on September 5 and November 20, 1972, and on January 29 and 30, 1973.

The account as supplemented to July 27, 1972, shows a net principal balance for distribution of $146,415.77, set forth on pages 1 and 2 of the supplemental account, and composed of interest in trustee's Mortgage Investment Fund A $9,940; loans due from DuMont Pharmacal Co., Inc., $54,255.09; loans due from the Estate of Charles J. Shane, deceased, $10,-571.81; United States Treasury Bills $49,497.10; certificate of deposit, Continental Bank, $21,500, and cash of $2,433.77; for a total of $148,197.77, from which there is due trustee on account of commissions, $1,782. There is an income balance of $1,905.95 composed of cash, from which $600.71 is due trustee on account of commissions, leaving a net balance of income for distribution of $1,305.24.

The petition for adjudication recites that no Pennsylvania transfer inheritance tax is due, but no certificate from the Register of Wills was submitted. Any tax hereafter found to be due is hereby awarded to the Register of Wills.

Three objections have been filed to the account by Sadie Shane, decedent's widow, and Robin Shane, decedent's daughter. Two objections have also been filed to the supplemental account. The reason or pur-

pose for the filing of the account was because the trustee's actions had been so questioned.

The trust was created on August 15, 1963, by Charles J. Shane, settlor, and funded with certain life insurance policies payable to the trustee as beneficiary. It is unnecessary to detail the trust provisions except to state that substantial interests in it are held by the objectors.

The first objection to the account is as to the propriety of $99,000 in loans made by the trustee to DuMont Pharmacal Co., Inc. As set forth in our adjudication of even date of the executor's account in the Estate of Charles J. Shane, deceased, no. 72539, decedent owned three small drug businesses at his death, which the executor acquired as assets of the estate. These loans were made as part of an attempt by the trustee, which is also executor of the estate, to operate one of these businesses, DuMont Pharmacal Co., until it could be sold. A substantial portion of these loans are and presumably will remain uncollectible, since DuMont has now been entirely liquidated. Nevertheless, we find no evidence of negligence by the trustee in making them, since there was no substantial alternative except to liquidate DuMont, an action not warranted by the circumstances existing at the time. The second objection is to trustee's alleged failure to account fully for the proceeds of certain life insurance policies. This is without merit, since the policies referred to had been assigned as collateral for certain loans, and the amounts accounted for by trustee are the amounts which came into its hands after the amount of the loans for which the policies had been pledged was deducted. The third objection relates to the trustee's commissions, and has been fully considered in substance in our discussion of the objection to the executor's commissions in the Estate of Charles J. Shane, deceased.

The two objections to the supplemental account also go to matters which were dealt with in substance in the adjudication in the estate. The first relates to the trustee's investment of free cash in a certificate of deposit in its commercial department, whereas United States Treasury Bills at a higher return could have been purchased. However, no authority has been cited for the proposition that a failure to realize the maximum return on an investment, regardless of other considerations, is a ground for surcharge. Other circumstances, for example, the length of time for which the investment is to be made, may also be important. The second objection relates to counsel fees, and involves the same contentions that were raised in this connection in the Estate of Charles J. Shane, deceased.

All of the objections to the account and supplemental account are dismissed.

Charles P. Zerbe, Esq., was appointed trustee ad litem by decree of October 31, 1972. Mr. Zerbe appeared at the hearings in this matter and filed a helpful report. For his services as trustee ad litem, there is herewith awarded to him the sum of $1,000, payable from principal.

Subject to distributions heretofore properly made and subject to the views expressed in this adjudication, the balance for distribution is awarded as suggested under the last paragraph of the petition for adjudication.

The account as supplemented is confirmed, and it is hereby ordered and decreed that Continental Bank, trustee, as aforesaid, forthwith pay the distributions herein awarded.

And now, July 13, 1973, this adjudication is confirmed nisi.